891 F.2d 287
 30 ERC 1550, 20 Envtl. L. Rep. 20,398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene W. JOHNSON, Jr., Defendant-Appellant.
 No. 89-2049.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1989.
Decided: Nov. 14, 1989.
Rehearing Denied Dec. 19, 1989.
 
 Eugene W. Johnson, Jr., appellant pro se.
 Frances S. Higgins (United States Army Corps of Engineers), for appellee.
 Before WIDENER and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Eugene W. Johnson appeals from the district court's order finding for the plaintiff below, the United States of America, and requiring him to cease his unauthorized dredging activities and to restore portions of the affected wetlands to its prior condition. Our review of the record and the district court's opinion discloses that this appeal is without merit.
 
 
 2
 In 1977 the Army Corps of Engineers (the "Corps") observed that Johnson was constructing a road and drainage ditch on protected wetlands property. Subsequently, the Corps sent Johnson a cease and desist letter. Absent an exemption, wetlands are under the Corps' authority, and it may require owners to obtain a permit before developing the property.[1] 33 U.S.C. § 1344. See United States v. Riverside Bayview Homes, Inc., 474 U.S. 121 (1985) (The Corps has the authority to determine whether property is protected wetlands). After approximately 10 years of intermittent correspondence on the subject, Johnson notified the Corps that he intended to resume work on the road project, and such work was again observed by the Corps in June 1988. This action was then brought against Johnson for violations of the Clean Water Act, 33 U.S.C. §§ 1251-1376, seeking both declaratory and injunctive relief.
 
 
 3
 Johnson argued below, and now contends on appeal, that he is entitled to an exemption from the permit requirement of 33 U.S.C. § 1344. Narrow exemptions exist for farming and forestry operations, 33 U.S.C. § 1344(f)(1)(A), and work commenced before the promulgation of the regulations on July 25, 1975, and completed within six months thereafter. 33 C.F.R. § 209.120(e)(2)(iii) (1976). See also 40 Fed.Reg. 31321 (July 25, 1975).
 
 
 4
 The road and drainage ditch begun by Johnson in 1977 are not a normal part of ongoing and continuous agricultural or forestry operations, but rather are preparations for putting the property to new uses.[2] Therefore, his operations and the resulting discharge of dredged or fill material are not entitled to exemption under 33 U.S.C. § 1344(f)(1)(A). 33 U.S.C. § 1344(f)(2). See also Avoyelles Sportsmen's League, Inc. v. Marsh, 715 F.2d 897, 925-926 (5th Cir.1983) (exemption does not apply if the activity is designed to bring the property into a use to which it was not previously subject). It is obvious from the facts of this case that Johnson had not begun the construction of the road and drainage ditch prior to the promulgation of the regulations, nor did he complete the project within six months thereafter. Therefore, the district court properly concluded Johnson was not entitled to an exemption under 33 C.F.R. § 209.120(e)(2)(iii).
 
 
 5
 For the foregoing reasons we affirm the order of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Johnson had previously applied for a permit to construct the road, but the permit was never granted
 
 
 [2]
 Johnson states in his Informal Brief that he wishes to use the property for a "hunting club" and "complete residential development." Additionally, the evidence presented to the district court showed that Johnson had only very limited farming or forestry operations which would not account for the observed dredge and fill work